UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charles Strow, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:21-cv-05104 |
| v. ) ) | Hon. Steven C. Seeger |
| B&G Foods, Inc., ) ) ) | |
| Defendant. ) ) | |

**SECOND JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

I.   **Preliminary Statement**

*Plaintiff's Position:* Plaintiff declines to add a preliminary statement.

*Defendant's Position:* This case challenges the labeling of Defendant B&G Foods, Inc.'s Crisco® brand butter-flavored No-Stick Spray Oil. Plaintiff claims that he was misled by B&G Foods's label into believing he was purchasing an aerosolized can of sprayable butter, notwithstanding the express statements on the label stating the product was not butter (and touting the advantages of that fact) or the physical impossibility of spraying a compound that is a solid at room temperature. Plaintiff was also recruited, and not actually injured, by his lawyer who has filed hundreds of similar lawsuits regarding food labeling, virtually all of which have been dismissed at the pleading stage or shortly thereafter. For these and many other reasons, Plaintiff lacks standing

and his claims fail. B&G Foods intends to take Plaintiff's deposition as soon as practical and raise a factual standing challenge.

**II.** **Nature of the Case**

    A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

        Plaintiff's Attorneys
        Spencer Sheehan – Lead Attorney
        Francis Greene – Local Counsel

        Defendant's Attorneys
        David Kwasniewski, Esq. – Lead Attorney
        Robert Petraglia, Esq.
        Stephen Donnelly, Esq. – Local Counsel

    B.    State the basis for federal jurisdiction.

        Jurisdiction is based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiff is a citizen of a different state than Defendant and the amount in controversy is alleged to exceed $5,000,000.00.

        Plaintiff Charles Strow is a citizen of Illinois.

        Defendant B&G Foods, Inc. is a Delaware corporation with a principal place of business in Parsippany, Morris County, New Jersey. Defendant disputes that there is subject matter jurisdiction here because Plaintiff suffered no actual injury and there is therefore no case or controversy.

    C.    Provide a short overview of the case in plain English (five sentences or less).

        Plaintiff alleges Defendant's "Butter – No-Stick Spray" ("Product") is labeled in a way that misleads consumer, because it purports to contain butter, even though it does not.

        Defendant disagrees that Plaintiff or anyone else was misled by the packaging of the No-Stick Spray or that the spray oil "purports" to contain butter or anything other than spray oil.

    D.    Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

        Plaintiff's causes of action include violations of state consumer protection laws, breaches of warranty, fraud, negligent misrepresentation, and unjust enrichment.

    E.    What are the principal legal and factual issues?

*Plaintiff's Position*
The Product's labeling is alleged to be misleading with respect to the presence of butter. This is a deceptive practice. The common representations render this action suitable for disposition under Fed. R. Civ. P. 23.

*Defendant's Position*

Plaintiff was not misled and his claimed injury was not caused by any conduct of B&G Foods. Further, Plaintiff has suffered no actual injury, and thus there is no subject matter jurisdiction for his putative claim. For similar reasons, there is no "class" of individuals who were misled or injured by the labeling of the spray oil, and plaintiff and his lawyer would not be adequate representatives of such a class if it existed.

    G.    What relief is the plaintiff(s) seeking?  Quantify the damages, if any.
(A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case.  This estimate will not be admissible.).

Plaintiff seeks monetary damages based on the premium at which the Product was sold compared to the price consumers would have paid had it been labeled in a non-deceptive manner. Plaintiff seeks injunctive relief to change the challenged practices.

Defendant disputes that Plaintiff is entitled to any damages.

    H.    Have all of the defendants been served, or waived service of process?  If not, identify the defendants that have not received service.

Yes.

## II. Discovery

    A.    Proposed Discovery Schedule

| Event | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline |
| --- | --- | --- |
| Completion of Fact Discovery | March 16, 2023 | August 18, 2023 |
| Disclosure of Plaintiff's Expert Report(s) | June 8, 2023 | November 17, 2023 |
| Deposition of Plaintiff's Expert | July 7, 2023 | January 19, 2024 |
| Disclosure of Defendant's Expert Report(s) | August 4, 2023 | March 22, 2024 |

3

| Deposition of Defendant's Expert | September 1, 2023 | May 24, 2024 |
|---|---|---|
| Dispositive Motions | December 1, 2023 | July 26, 2024 |
| Motion for Class Certification | June 8, 2023 | August 23, 2024 |

    B.    How many depositions do the parties expect to take?

        Plaintiff's Position: Three depositions each.

        Defendant's Position: Defendant intends to depose the plaintiff and plaintiff's experts. Plaintiff previously represented he intends to identify just one expert, in which case Defendant will be deposing two witnesses total.

    C.    Do the parties foresee any special issues during discovery?

        No.

    D.    Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

        If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

        The subjects of Plaintiff's discovery include the marketing and labeling of the Product, Defendant's studies of consumer interpretation of the label, and its pricing.

### III. Trial

    A.    Have any of the parties demanded a jury trial?

        Plaintiff demanded a jury trial.

    B.    Estimate the length of trial.

        Plaintiff's Position: Five to seven days.

        Defendant's Position: In the event that a class is certified, Defendant estimates that trial will take approximately 30 days. In the event no class is certified, Defendant agrees with Plaintiff's trial estimate.

IV. **Settlement, Referrals, and Consent**

    A.    Have any settlement discussions taken place?  If so, what is the status?  Has the plaintiff made a written settlement demand?  And if so, did the defendant respond in writing?  (Do not provide any particulars of any demands or offers that have been made.)

           No. Plaintiff has not made a written settlement demand.

    B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

           The parties do not request a settlement conference at this time.

    C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?  Do all parties unanimously consent to that procedure?  The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

           The parties have not consented to proceed before a magistrate judge.

V. **Other**

    A.    Is there anything else that the plaintiff(s) wants the Court to know?  (Please be brief.)

           No.

    B.    Is there anything else that the defendant(s) wants the Court to know?  (Please be brief.)

           No.

Dated:   October 22, 2022

| Braunhagey & Borden LLP | Sheehan & Associates, P.C. |
|---|---|
| /s/ David Kwasniewski | /s/ Spencer Sheehan |
| David Kwasniewski | Spencer Sheehan |
| 351 California St Fl 10 | 60 Cuttermill Rd Ste 409 |
| San Francisco, CA 94104 | Great Neck, NY 11021 |
| Tel: (415) 599-0210 | Tel: (516) 268-7080 |
| kwasniewski@braunhagey.com | spencer@spencersheehan.com |

*Attorneys for Defendant B&G Foods, Inc.*		*Attorneys for Plaintiff*