**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**


Charles Strow

      Plaintiff,

v.              Case No.: 1:21–cv–05104
               Honorable Steven C. Seeger

BG Foods, Inc., et al.

      Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**


This docket entry was made by the Clerk on Friday, June 23, 2023:


  MINUTE entry before the Honorable Steven C. Seeger: The Court took a look at Defendant's motion to dismiss for lack of standing. (Dckt. No. [51]) Defendant raises three arguments in support of its motion. Two of those arguments have no merit. The third argument may or may not have merit, but the Court needs more information to make that decision. First, BG Foods argues that Plaintiff has not suffered an injury because he was recruited to bring the case by counsel. See Def.'s Mtn., at 5 (Dckt. No. [51]). To the extent that Plaintiff's counsel's solicitation (a Facebook ad) violated the rules of professional conduct, that's a professional responsibility issue, not a standing issue. See Freeman v. Fischer, 563 F. Supp. 2d 493, 498–99 (D.N.J. 2008) aff'd in part, vacated in part, rev'd in part sub nom., Freeman v. Corzine, 629 F.3d 146 (3d Cir. 2010) ("Defendants argue that the consumer plaintiffs lack standing because the Friedmans are related to plaintiffs' counsel and the Freemans were recruited to join this litigation at a high school reunion. Defendants cite no authority for this assertion, and the Court finds their contentions unpersuasive."); see also Hilsley v. Ocean Spray Cranberries, Inc., 2018 WL 6300479, at *7 (S.D. Cal. 2018) (finding that solicitation by plaintiff's counsel in violation of the rules of professional conduct did not make the plaintiff an inadequate class representative). The proper remedy for a violation of those rules is normally disciplinary action, not dismissal of the case for lack of standing. See Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1323–24 (11th Cir. 2008). The existence or non–existence of an injury does not turn on how the plaintiff got an attorney. What matters is whether the plaintiff suffered an injury, not how the plaintiff got a lawyer. By way of example, imagine if an attorney reached out and solicited an attorney–client relationship with a pedestrian who was hit by a car. The fact that the lawyer recruited the client does not change the fact that the client suffered an injury. Second, BG Foods argues that Plaintiff testified in his deposition that he was not injured. See Def.'s Mtn., at 13 (Dckt. No. [51]). Defense counsel asked the following question: "Is it your claim that you suffered some kind of injury from buying this product?" In response, Plaintiff answered: "I didn't suffer a natural injury, no."; See Def.'s Ex. 1, at 91:3–5 (Dckt. No. 51–2, at 29 of 30). But that cherry–picked excerpt is not the whole story. Earlier in the deposition, Plaintiff testified, "I would have not bought this [product] at all if I would have known that it contained the oil and margarine that it says on the back." See Pl.'s Ex. A, at 29:19–21 (Dckt. No. 55, at 11 of 26). That pocketbook injury is an injury–in–fact. See In re Aqua Dots Prods. Liab. Litig., 654 F.3d 748, 751

(7th Cir. 2011) ("A financial injury creates standing."). If plaintiff forked over money that otherwise would have remained in his pocket, that's an injury because his pocketbook is lighter. Third, BG Foods argues that Plaintiff testified that he relied on a different (and in its view, less misleading) label than the one pictured in the complaint. See Def.'s Mtn., at 11 (Dckt. No. [51]). Plaintiff takes issue with that argument, from a factual perspective. Plaintiff asserts that quot;the label presented to Plaintiff during the deposition could not have been the label he relied upon because it was not sold during the time period when he made the purchase, in or around Summer 2021." See Pl.'s Resp., at 8 (Dckt. No. [52]). According to Plaintiff, defense counsel showed Plaintiff a label at deposition that did not even exist at the time Plaintiff purchased the product. Apparently, Plaintiff's counsel did some digging, and a product with the label shown to Plaintiff during his deposition did not appear on Defendant's website until November 26, 2022. See Sheehan Decl., at ¶ 17 (Dckt. No. [52]–2). If that's true, the Court has some questions about why defense counsel showed Plaintiff that label. The Court wants to get to the bottom of it, and pin down what label Plaintiff saw, and when the less–misleading label hit the shelves. By July 7, the parties must file supplemental submissions so that the Court can resolve any lingering issue of fact. BG Foods must submit a declaration that pins down when, exactly, the company used each of the two labels on its cans. Specifically, BG Foods must reveal when its butter–flavored spray product carried the label in the complaint, and when the product first began to carry the label shown to Plaintiff at his deposition. The Court is particularly interested in knowing when, exactly, BG Foods first began to use the label shown to Plaintiff at deposition. Plaintiff must submit a statement identifying when, and where, he bought the product. Can Plaintiff be more specific than "in or around Summer 2021"? The Court requires as much specificity as possible from each party. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.