UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES STROW, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 21-cv-5104 |
| v. | ) ) Hon. Steven C. Seeger |
| B&G FOODS, INC., | ) ) ) |
| Defendant. | ) ) ) |

**ORDER**

Defendant B&G Foods's motion to dismiss for lack of standing (Dckt. No. 51) is hereby denied.

The case is about a can of butterless butter spray. The gist of the motion is that Plaintiff Charles Strow allegedly did not buy the product with the offending label, and thus suffered no injury.

B&G Foods makes three arguments in its motion, two of which the Court has already rejected in a separate Order. *See* 6/23/23 Order (Dckt. No. 65). First, B&G Foods argues that Plaintiff has not suffered an injury because he was recruited by counsel. *See* Def.'s Mtn., at 5 (Dckt. No. 51). As the Court explained, "that's a professional responsibility issue, not a standing issue." *See* 6/23/23 Order (Dckt. No. 65). It is not a reason to dismiss a case.

Second, B&G Foods argues that Plaintiff lacks standing because he testified that he was not physically injured. *See* Def.'s Mtn., at 13 (Dckt. No. 51). But Plaintiff also testified that he would not have bought the product if he had known that it did not contain butter. *See* Pl.'s Ex. A, at 29:19-21 (Dckt. No. 55, at 11 of 26). That's a pocketbook injury, and a pocketbook injury is an injury-in-fact that confers standing under Article III. *See In re Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748, 751 (7th Cir. 2011).

Only the third argument remains. B&G Foods argues that Plaintiff did not buy the product with the misleading label pictured in the complaint. *See* Def.'s Mtn., at 11 (Dckt. No. 51). B&G Foods points to his deposition testimony. At his deposition, B&G Foods showed Plaintiff a picture of a label from a can of butter spray, and Plaintiff confirmed that he had purchased a product with the label depicted in that picture. *See* Strow Dep., at 59:4-7 (Dckt. No. 51-2, at 45 of 57).

As an aside, the deposition testimony on this point wasn't the deepest dive. Defense counsel showed Plaintiff a picture of a label from a can of Crisco butter spray, and asked if it was a "true and correct copy of the label of the product you purchased." *Id.* Plaintiff answered: "To my knowledge, yes." *Id.* That's about it. So the testimony was there, but it wasn't extensive.

That label, it seems, says "Butter Flavor." It was a different label than the one alleged in the complaint. As it turns out, the label as shown at the deposition did not include the offending content.

If that's the case, then the allegations of the complaint are factually untrue. And it would call into question Strow's standing. Strow did not suffer an injury from a misleading label if he bought a product with a *different* label.

In response, Plaintiff took issue with the argument from a factual standpoint. He insisted that the label that B&G Foods presented to Plaintiff during the deposition "was not sold when [Plaintiff] made the purchase, in or around Summer 2021." *See* Pl.'s Resp., at 8 (Dckt. No. 52).

The Court wanted to get to the bottom of it, and ordered the parties to file supplemental submissions. First, the Court ordered B&G Foods to submit a declaration clarifying when, exactly, the company used each of the two labels on its cans (*i.e.*, the label depicted in the complaint, and the label B&G Foods showed Plaintiff at his deposition). *See* 6/23/23 Order (Dckt. No. 65). Second, the Court ordered Plaintiff to submit a statement pinning down when and where he bought the product. *Id.* Both parties timely filed their declarations. *See* Def.'s Decl. (Dckt. No. 67); Pl.'s Decl. (Dckt. No. 66).

The Court has reviewed the declarations. Based on that review, the Court finds that Plaintiff has offered an evidentiary basis for an injury in fact, and thus he has standing.

Basically, Plaintiff's declaration offered a range of time when he purchased the can. The label that defense counsel showed him did not exist during that time frame. So, if his declaration is accurate, Plaintiff could not have purchased the product with the label marked at deposition, because it did not exist. The timeline doesn't add up.

In his declaration, Plaintiff asserts that he is "confident" that he bought the butter spray at the Jewel-Osco located at 140 West Lake Street in Addison, Illinois "in April, May, or June of 2020." *See* Pl.'s Decl., at ¶¶ 4, 13 (Dckt. No. 66). For present purposes, it's enough to say that Plaintiff bought the product by early summer of 2020.

B&G Foods offered a declaration from the company saying that "[t]he label for Crisco Butter No-Stick Spray was updated in early 2022." *See* Def.'s Decl., at ¶ 2 (Dckt. No. 67). They go on to say that "[s]ales of cans with the current label began on or around the last week of February 2022." *Id.*

The Court understands the "current label" to mean the label that B&G Foods showed Plaintiff at his deposition. So, Plaintiff alleges that he bought the product in 2020, and defense counsel showed Plaintiff a label that wasn't in circulation until 2022.

In other words, defense counsel showed Plaintiff a label that he could not have purchased (if Plaintiff's account about the timing is accurate, that is). That label didn't exist until at least eighteen months after Plaintiff purchased the product (again, according to him). In fact, that label didn't exist until after Plaintiff filed this lawsuit. *See* Cplt. (Dckt. No. 1) (showing a filing date of September 9, 2021).

The Court has questions about why defense counsel showed Plaintiff a picture of a label that did not exist when he filed the complaint. Maybe it's sloppiness. Maybe defense counsel didn't do their research, and didn't know when the label was changed. Or maybe Defendant was trying to concoct grounds for its (second) motion to dismiss.

Whatever the reason, the factual revelations are enough to deny Defendant's motion to dismiss (Dckt. No. 51). Plaintiff alleges that he bought a product with a misleading label in 2020, and he offered a declaration in support. That's enough to establish standing.

Needless to say, this Order only covers standing for purposes of Article III. It does not cover the merits of the case. That's reserved for trial. At trial, B&G Foods could try to undercut the notion that Plaintiff bought the product when he said he did (if at all).

In the meantime, the Court requires a more fulsome explanation from defense counsel. Again, at the deposition, defense counsel showed Plaintiff deposition exhibit number 4, which was a picture of the updated can with the new label. *See* Strow Dep., at 58:19 – 59:7 (Dckt. No. 51-2, at 45 of 57). The Court orders defense counsel to file that exhibit on the docket. The Court has seen the images that appear in the briefs, including the side-by-side comparisons of the old can and the new can. *See* Pl.'s Resp. Brf., at 3 (Dckt. 52, at 7 of 19); *see also* Def.'s Mtn., at 2 (Dckt. No. 51, at 6 of 16). But the Court wants to see the actual deposition exhibit.

It is difficult to understand why defense counsel showed a picture of the new label to Plaintiff at deposition if that label did not exist when the lawsuit was filed.

What, exactly, did defense counsel know about the new label when counsel showed that picture to Plaintiff at the deposition? Did defense counsel know that the label was new? Did defense counsel know that the new label did not exist when the lawsuit was filed? Who found that picture, and decided to show it to Plaintiff, and why?

This Court raised this issue in its Order dated June 23, 2023. "According to Plaintiff, defense counsel showed Plaintiff a label at deposition that did not exist at the time Plaintiff purchased the product. . . . If that's true, the Court has some questions about why defense counsel showed Plaintiff that label." *See* 6/23/23 Order (Dckt. No. 65).

3

This Court has not received a satisfactory answer. A response is due by July 24, 2023.

Date: July 14, 2023

Steven C. Seeger
United States District Judge

4