**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Charles Strow, individually and on behalf of all others similarly situated, | 1:21-cv-05104 |
| Plaintiff, | Hon. Jeffrey I. Cummings |
| - against - | |
| B&G Foods, Inc., | |
| Defendant | |

**JOINT STATEMENT REPORT FOR REASSIGNED CASES**

The Parties, by and through undersigned counsel, hereby submit the following jointly submit this initial status report for reassigned case pursuant to the Court's Minute Entry of November 21, 2023 (ECF No. 81).

**I.** **Nature of the Case:**

    **A.** **Identify the attorneys of record for each party.**

Spencer Sheehan and Richard Greene for Plaintiff

Matthew Borden, David Kwasniewski, and Stephen Donnelly for Defendant

    **B.** **State the basis for federal jurisdiction.**

Plaintiff alleges subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA").

    **C.** **Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

        **1.** **Plaintiff's Contentions**

Plaintiff alleges Defendant's "Butter – No-Stick Spray" ("Product") is labeled in a way that misleads consumer, because it purports to contain butter, even though it does not. Plaintiff's

1

causes of action include violations of state consumer protection laws, breaches of warranty, fraud, negligent misrepresentation, and unjust enrichment.

### 2. Defendant's Contentions

Defendant's no-stick spray is labeled "Buttery Flavor for Your Food Without the Butter." The evidence shows that neither Plaintiff nor anyone else was misled by the packaging. Plaintiff is a convicted felon who was recruited to file this case rather than injured, and the unrebutted evidence presented in opposition to the fully briefed and submitted motion for class certification shows that consumers buy no-stick spray precisely because they want to avoid the calories and fat of butter. These individuals all got exactly what was advertised to them and what they paid for—butter flavor for their food without the butter.

### D. Describe the relief sought.

Plaintiff seeks monetary damages because the Product was not as represented. Plaintiff seeks certification of the classes identified in the Amended Complaint, and that Defendant be responsible for attorney fees and expert costs.

### E. List the names of any parties who have not yet been served.

At this time, all Parties named in the Amended Complaint have been served.

## II. Discovery and Pending Motions

### A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.

The following is a list of pending motions before the Court:

1. Plaintiff's Motion to Certify Class was filed on May 26, 2023. The Motion is fully briefed and submitted.

2. Defendant's Motion to exclude the Declaration of Andrew Lynn Matthew's was filed on August 1, 2023. The Motion is fully briefed and submitted.

**B.     What is the current discovery schedule?**

Discovery is closed. The deadline for dispositive motions was to be set at a later time by separate order.

**C.     Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completing discovery by the current deadline.**

The parties have completed fact and expert discovery.

**D.     Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**

On September 30, 2022, Judge Seeger denied Defendant's motion to dismiss. ECF. No. 33.

On July 14, 2023, Judge Seeger denied Defendant's motion to dismiss for lack of standing. ECF. No. 68.

**E.     Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.**

The parties are awaiting the resolution of the Motion for Class Certification and the Motion to Exclude the declaration of Andrea Lynn Matthews before filing motions for summary judgment.

**III.   Trial**

**A.     Have any of the parties demanded a jury trial?**

Plaintiff has demanded a jury trial.

**B.     What is the trial date (if any)?**

None.

**C.     If there is no trial date, when will the parties be ready for trial?**

Depending on the outcome of the Class Certification motion and any dispositive motions afterward, if necessary, the Parties will be ready for trial by the middle of 2024.

**D.  Have the parties filed a final pretrial order?  If so, when?  If not, when is the deadline for the filing?**

The parties have not filed a final pretrial order.  No deadline has been set for filing a final pretrial order.

**E.  Estimate the number trial days.**

Plaintiff estimates 5-7 days for trial. Defendant estimates 4 days for trial.

**IV.  Settlement, and Referrals, and Consent**

**A.  State whether any settlement discussions have occurred and describe the status of any settlement discussions. (Do not provide the particulars of any demands or offers that have been made.)**

The Parties have discussed settlements in October 2022 and remain willing to discuss settlement in good faith, however, there have been no updates in the settlement discussions and the Parties do not seek a settlement conference.

**B.  Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

No.

**C.  Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

At this time the Parties do not request a settlement conference.

**D.  Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?  Do all parties unanimously consent to that procedure?**

Counsel have informed their respective clients about the possibility of proceeding before a Magistrate Judge for all purposes.  The parties do not unanimously consent to that procedure.

**V.    Other**

      **A.    Is there anything else that the plaintiff(s) wants the Court to know?**

On June 23, 2023, Judge Seeger ordered Defendant to explain why Defendant's Counsel showed a picture of a new label for Defendant's product at Plaintiff's deposition even though the label did not exist when the lawsuit was filed and to also explain when Defendant first started using that label. ECF No. 65. On July 7, 2023, Defendant only explained that the new label was starting to be used months after this lawsuit was filed. ECF. No 67. On July 14, 2023, Judge Seeger ordered an additional response due to having "not received a satisfactory answer." ECF No. 69 at 4. On July 24, 2023, Defendant's Counsel responded that in order to test its "thesis" that Plaintiff's claims "had been manufactured" the new label was presented. ECF. No 70 at 3. Whether that response satisfies the Court has not been determined.

      **B.    Is there anything else that the defendant(s) wants the Court to know?**

Plaintiff mischaracterizes Defendant's submissions regarding his deposition testimony. Plaintiff neglects to mention that he swore under oath that he relied on a label that had "Butter Flavor" front and center, which is how his complaint alleges the product should be labeled. This shows that he was not misled by the label depicted in his complaint and would have filed suit regardless of whether the product was labeled as the complaint asserts it should be labeled.

B&G Foods explained to Judge Seeger (Dkt. 70) that Plaintiff was shown an accurate label postdating the Complaint to assess, among other things, whether Plaintiff understood the Complaint's allegations filed under his name, whether he had purchased the product after receiving his lawyer's solicitation, whether he relied on the supposedly misleading feature of the product label versus something else on the label or the nature of the product itself, and whether and to what extent Plaintiff—an individual with an existing felony bench warrant—was willing to bend the truth to help his lawyer pursue this suit. Plaintiff is correct that Judge Seeger has not

requested any further briefing or evidence on this issue with this after receiving B&G Foods' submission in July.

Dated: November 28, 2023

| Braunhagey & Borden LLP | Sheehan & Associates, P.C. |
|---|---|
| /s/ David Kwasniewski | /s/ Spencer Sheehan |
| David Kwasniewski | Spencer Sheehan |
| 351 California St Fl 10 | 60 Cuttermill Rd Ste 409 |
| San Francisco, CA 94104 | Great Neck, NY 11021 |
| Tel: (415) 599-0210 | Tel: (516) 268-7080 |
| kwasniewski@braunhagey.com | spencer@spencersheehan.com |
| *Attorneys for Defendant B&G Foods, Inc.* | *Attorneys for Plaintiff* |