IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES STROW, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) No. 21-cv-5104<br>) |
| v. | ) Judge Jeffrey I. Cummings<br>) |
| B&G FOODS, INC., | )<br>) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Before the Court are plaintiff Charles Strow's motion for class certification, (Dckt. #60), and defendant B&G Foods, Inc.'s motion to exclude the testimony of plaintiff's expert, (Dckt. #73). For the reasons explained below, plaintiffs' motion for class certification is denied and defendant's motion to exclude the testimony of plaintiff's expert is denied as moot.

**I.      BACKGROUND**

The court described plaintiff's allegations in detail in its decision denying defendant's motion to dismiss. *See Strow v. B&G Foods, Inc.*, 633 F.Supp.3d 1090 (N.D.Ill. 2022). In brief, plaintiff alleges the following: defendant, B&G Foods, Inc., manufactures, labels, markets, and sells a "Butter—No Stick Spray" under its Crisco brand. (Dckt. #7 ¶1). Plaintiff bought the Butter—No Stick Spray on more than one occasion between July and August 2021. (*Id.* ¶68). The problem, according to plaintiff, is that the spray contains no butter. (*Id.* ¶3). Instead, the spray uses artificial butter ingredients. (*Id.* ¶27). Plaintiff alleges that the name "Butter—No Stick Spray," which was embossed on the front of the can at that time, is misleading. (*Id.*). Moreover, plaintiff claims that he and members of the proposed classes "would not have purchased the [p]roduct or paid as much" if they had known the product did not contain butter. (*Id.* ¶90).

1

Disappointed with his purchase, plaintiff filed suit against defendant. He brings this putative class action on behalf of himself and the following putative classes:

> **Illinois Class**: All persons in the State of Illinois who purchased the [p]roduct during the statutes of limitations for each cause of action alleged.
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Iowa and Arkansas who purchased the [p]roduct during the statutes of limitations for each cause of action alleged.

(*Id.* ¶77). The amended complaint sets forth state law claims under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, as well as claims for breach of express warranty and implied warranty of merchantability, negligent misrepresentation, fraud, and unjust enrichment.

Plaintiff now moves to certify the two classes and submitted a declaration from Amanda Lynn Matthews, Ph.D. in support of his motion. Defendant opposes class certification for multiple reasons, and filed a separate motion to exclude the declaration of plaintiff's expert.

## II. DISCUSSION

### A. Plaintiff Fails to Satisfy the Requirements of Federal Rule 23.

To be entitled to class certification, a plaintiff must demonstrate that the putative class satisfies each requirement of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—as well as one of the subsections of Rule 23(b). *Oshana v. Coca-Cola*, 472 F.3d 506, 513 (7th Cir. 2006). It is the plaintiff's burden to prove by a preponderance of the evidence all necessary prerequisites for class certification, and this Court will make the decision whether to certify a class in its discretion. *Id.*; *Priddy v. Health Care Servs. Corp.*, 870 F.3d 657, 661 (7th Cir. 2017).

Defendant objects to class certification and argues that plaintiff has not demonstrated that either putative class satisfies any of the Rule 23(a) requirements, Rule 23(b), or the

ascertainability prerequisite. Because success on any one of these arguments would preclude class certification, the Court need not address defendant's arguments in a specific order. *Oshana*, 472 F.3d at 513; *Harper v. Sheriff of Cook Cnty.*, 581 F.3d 511, 513 (7th Cir. 2009). As set forth below, the Court finds, based on binding Seventh Circuit precedent, that plaintiff's class certification motion suffers from at least two fatal infirmities: namely, the failure to define an ascertainable class and the failure to satisfy Rule 23(b)(3)'s predominance requirement. Both infirmities independently require that class certification be denied.

> **1. Plaintiff Fails to Establish that the Proposed Classes Are Sufficiently Definite to Warrant Class Certification.**

Again, plaintiff seeks certification of a class of "[a]ll persons in the State of Illinois who purchased the [butter no-stick spray] during the statutes of limitations for each cause of action alleged," as well as a class of "[a]ll persons in the States of Iowa and Arkansas who purchased the [butter no-stick spray] during the statutes of limitations for each cause of action alleged." Defendant maintains that plaintiff's proposed classes are impermissibly overbroad. The Court agrees for the reasons that follow.

Although Rule 23 does not contain an express ascertainability requirement, the Seventh Circuit considers it to be a prerequisite to class certification. *Oshana*, 472 F.3d at 513. Thus, a plaintiff must also show that "the class is indeed an identifiable class," meaning the "class definitions must be definite enough that the class can be ascertained." *Id.* (citing *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977)). Proper identification of the class serves two important purposes: first, it alerts the court and the parties to the burdens the case will impose on them, *Simer v. Rios*, 661 F.2d 655, 670 (7th Cir. 1981); *Oshana v. Coca-Cola Co.*, 225 F.R.D. 575, 580 (N.D.Ill. 2005), and second, it ensures that individuals actually harmed by the defendant's conduct will be the recipients of the awarded relief, *id.* Thus, the class definition

3

cannot be so broad as to include individuals without standing to maintain the action on their own behalf. *Guillory v. Am. Tobacco Co.*, No. 97 C 8641, 2001 WL 290603, at *2 (N.D.Ill. Mar. 20, 2001).

The facts of this case are much like those before the Seventh Circuit in *Oshana*. There, the plaintiff complained that the Coca-Cola Company deceived consumers of Diet Coke in Illinois by failing to disclose that fountain Diet Coke and bottled Diet Coke contained different sweeteners—in particular, that the former was sweetened with a mixture of aspartame and saccharin whereas the latter was sweetened with aspartame only. *Oshana*, 472 F.3d at 509. The proposed class was defined as "[a]ll individuals who purchased for consumption and not resale fountain Diet Coke in Illinois from March 12, 1999 through the date of entry of an order certifying the class." *Id.* at 510. Like Strow, Oshana asserted claims for consumer fraud under the ICFA and unjust enrichment. The Seventh Circuit pointed out that both of these claims required proof that the plaintiff was deceived in some manner. *Id.* at 513–15.

The Seventh Circuit then affirmed the district court's conclusion that the class definition was not sufficiently definite because membership in the proposed class required only the purchase of a fountain Diet Coke during a certain period of time. *Id.* at 514. The *Oshana* court explained that:

> Such a class could include millions who were not deceived and thus have no grievance under the [Illinois Consumer Fraud and Deceptive Practices Act]. Some people may have bought fountain Diet Coke *because* it contained saccharin, and some people may have bought fountain Diet Coke *even though* it had saccharin. Countless members of Oshana's putative class could not show any damage, let alone damage proximately caused by Coke's alleged deception.

*Id.* (emphasis in original); *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) (citing *Oshana* and reiterating "that a class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant.").

4

A number of courts have since followed *Oshana* and denied class certification where the plaintiffs failed to show that the proposed classes were sufficiently definite:

*Williamson v. S.A. Gear Co., Inc.*, No. 15-CV-365-SMY-DGW, 2018 WL 2735593, at *5 (S.D.Ill. June 7, 2018) (denying class certification where the class definition was overbroad because it required nothing more than the purchase of the product and it "undoubtedly include[d] individuals who suffered no injury at all.");

*Clark v. Bumbo Int'l Tr.*, No. 15 C 2725, 2017 WL 3704825, at *4 (N.D.Ill. Aug. 28, 2017) (denying class certification where "it appears from the evidence that there is a basis to believe that plaintiff's proposed classes contain 'a great many' persons who could not have been harmed by defendant's alleged misrepresentations.");

*Diacakis v. Comcast Corp.*, No. C 11-3002 SBA, 2013 WL 1878921, at *4 (N.D.Cal. May 3, 2013) (denying class certification on plaintiff's consumer fraud claim where the proposed class was "overbroad" because it included anyone who purchased the product irrespectively of whether he or she (like plaintiff) "was deceived by Comcast's alleged failure to disclose the existence of additional modem charges.");

*Korsmo v. Am. Honda Motor Co., Inc.,* No. 11 C 1176, 2012 WL 1655969 at *5 (N.D.Ill. May 10, 2012) (proposed class members who purchased Honda Certified Used Cars for reasons other than the alleged misrepresentation "were not deceived and suffered no harm, [therefore] the proposed classes are not sufficiently definite to warrant class certification of the ICFA claim or the unjust enrichment claim.");

*Vigus v. S. Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 235 (S.D.Ill. 2011) (denying class certification where the proposed class was "overbroad" because it "include[d] a substantial number of people" who had "no grievance with the Casino.");

*In re McDonald's French Fries Litig.*, 257 F.R.D. 669, 671–73 (N.D.Ill. 2009) (denying class certification on the ground that the proposed class—all persons with certain diseases and allergies who purchased McDonald's french fries and hash browns during the specified time—was overinclusive and too indefinite for certification where the evidence before the court showed that many proposed class members suffered no physical or economic injury and would have kept eating the fries and hash browns even after McDonald's corrected its misrepresentation regarding whether the food was gluten, wheat, and dairy-free); and

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*, No. 05 C 2623, 2007 WL 4287511, at *4–5 (N.D.Ill. Dec. 4, 2007) (denying motion to certify a class of persons who purchased tools that were not "Made in the USA," in part because the proposed class would include individuals who could not prove deception because they (1) bought the tools but never saw any advertising; (2) bought the tools but

5

never saw advertising representing that the tools were made in the United States; and (3) bought tools with the knowledge that those tools were not made in the United States).

The proposed classes in this case have the same problem. In particular, the proposed classes require *only* the purchase of defendant's Butter—No Stick Spray during the specified time span. As such, the proposed classes include consumers who—unlike plaintiff—suffered no injury because either: (1) they were not, in fact, deceived by the alleged misrepresentation on the front of the can because they also read the back of the can (which made it clear that the product contains no butter, *see Strow*, 633 F.Supp.3d at 1100–01, before they purchased the product;[1] or (2) they would have been "willing to purchase the product just as often, and to pay just as much for it, when its label says 'Butter Flavor' rather than simply 'Butter,'" as evidence from defense expert Robert Palmatier's survey indicates. (Dckt. #71 at 14 (citing Dckt. #72 at 4–5)).

Conversely, plaintiff offers no evidence to support his allegation that members of the proposed classes "would not have purchased the [p]roduct or paid as much" if they had known the product did not contain butter. (Dckt. #7 ¶90). Indeed, plaintiff's expert, Andrea Lynn Matthews, acknowledged that consumers buy the product for any number of reasons and that her survey did not test whether the verbiage on the label influenced the price of, or demand for, the product. (Dckt. #71-9 at 26–27). Nor did plaintiff's counsel in his reply brief make any effort to distinguish *Oshana* despite the prominent role that case played in defendant's brief in opposition to class certification.

For these reasons, this case falls squarely within the holding of *Oshana* and its progeny, and the Court finds that plaintiff has failed to show that the proposed classes are sufficiently definite to warrant class certification. *Oshana*, 472 F.3d at 513–14.

---

[1] Such consumers might have purchased the product *because* it did not contain butter, or perhaps, because they liked the flavor or the convenience of a spray-on product regardless of whether it contained butter.

2. **Plaintiff Fails to Establish that Questions of Law and Fact Common to Class Members Predominate Over Any Questions Affecting Only Individual Members.**

As noted above, to be entitled to class certification, a plaintiff must demonstrate that the putative class satisfies one of the subsections of Rule 23(b). Oshana, 472 F.3d at 513. The parties do not dispute that the relevant Rule 23(b) requirement in this case is whether questions of law or fact common to class members "predominate" over questions that are individual to members of the class. Fed.R.Civ.P. 23(b)(3). Predominance is not satisfied where liability determinations are individual and fact-intensive. See Kartman v. State Farm Mut. Auto. Ins. Co., 634 F.3d 883, 891 (7th Cir. 2011). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 815 (7th Cir. 2012) (cleaned up).

"Analysis of predominance under Rule 23(b)(3) begins . . . with the elements of the underlying cause of action." *Messner*, 669 F.3d at 815 (cleaned up). To prevail on his ICFA claims, plaintiff must show that he was deceived by defendant's misrepresentations related to the Butter—No Stick Spray and that the misrepresentations proximately caused his damages. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (holding that the elements of an ICFA claim are: "(1) a deceptive act or promise by [the defendant]; (2) [the defendant's] intent that [the plaintiffs] rely on the deceptive act; (3) the deceptive act occurred during a course of conduct involving trade or commerce; and (4) actual damage as a result of the deceptive act"). "As the Seventh Circuit has cautioned, although fraud claims 'do not automatically fail the predominance test,' they are often a poor fit for class certification 'because

they involve so many individualized issues.'" *Smith v. NVR, Inc.*, No. 17 C 8328, 2019 WL 6838938, at *4 (N.D.Ill. Dec. 16, 2019), *quoting Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1029 (7th Cir. 2018).

Plaintiff submits that the predominance requirement is met here because "the single, central, common issue of liability is whether Butter—No Stick Spray was deceptive and misleading." (Dckt. #60 at 13). However, this is insufficient to meet plaintiff's burden of showing by a preponderance of the evidence that questions common to the class predominate over individual questions.

The Seventh Circuit has denied class certification for lack of predominance in cases akin to this one. For example, in *Siegel v. Shell Oil Co.*, 612 F.3d 932 (7th Cir. 2010), the Seventh Circuit affirmed the district court's finding that questions of fact common to class members did not predominate over any questions affecting only individual class members where:

> the district court focused on the elements of an ICFA claim and concluded that it would be required to make individual determinations concerning why a plaintiff bought gasoline from a particular supplier (*e.g.*, price, necessity, convenience, location, or quality of gasoline) to discern whether the defendants' conduct proximately caused each plaintiff's injuries.

*Id.* at 935–36. Similarly, in *Thorogood v. Sears, Roebuck and Co.*, 547 F.3d 742 (7th Cir. 2008), the Seventh Circuit held that common issues did not predominate where each class member's claim related to stainless steel washing machines turned on the extent to which they relied on or was damaged by the defendant's allegedly deceptive advertising. *Id.* at 746–48; *see also Lipton v. Chattem, Inc.*, 289 F.R.D. 456, 462 (N.D.Ill. 2013) (finding the predominance requirement was not met where the proposed class included individuals who: (1) were unaware of the presence of hexavalent chromium in the weight loss product and who would not have purchased the product had they been so aware; (2) were unaware of the presence of hexavalent chromium

8

but may have still purchased the product had they been so aware; and (3) were aware of the presence of hexavalent chromium and purchased the product anyway); *Ladendorf v. Skinnygirl Cocktails, LLC*, 306 F.R.D. 574, 581–84 (N.D.Ill. 2014) (citing *Lipton*, among other cases, and finding a lack of predominance in a consumer fraud and unjust enrichment putative class action).

As discussed above, the proposed classes here include individuals (like plaintiff) who were misled and purchased the Butter—No Stick Spray because they thought it had butter, other individuals who bought the product *because* it did not contain butter, and other consumers who bought the product and were indifferent as to whether it contained butter. These differences amongst the members of the proposed class require that the key liability issues—namely, whether a given class member was deceived by defendant's labeling of the Butter—No Stick Spray and whether they suffered damages as a result—must be resolved on an individual basis. For this reason, plaintiff has not shown that a principal element of his ICFA claims—whether the putative class members suffered damages proximately caused by defendant's misrepresentations—is susceptible to class resolution. Accordingly, plaintiff has failed to show the predominance necessary for certification under Rule 23(b)(3). This serves as a second and independent basis to deny his class certification motion.

### B. Defendant's Motion to Exclude the Declaration of Plaintiff's Expert is Denied as Moot.

Defendant filed a separate motion to exclude the declaration of Andrea Lynn Matthew, plaintiff's expert. Since the disputed testimony of Matthew does not impact the Court's determination that the class cannot be certified, defendant's motion is denied as moot.

## CONCLUSION

For the reasons set forth above, plaintiff Charles Strow's motion for class certification, (Dckt. #60), is denied. Furthermore, for the reasons stated herein, defendant B&G Foods, Inc.'s motion to exclude the declaration of Andrea Lynn Matthews, (Dckt. #73), is denied as moot.

**DATE: March 19, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**